**Major Singh MANN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73450.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 16, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Robert S. Greenspan, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Michael E. Robinson, Jr., AUSA, U.S. Dept of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Major Singh Mann, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The IJ found that Mann's demeanor was not convincing, noting that Mann often mumbled his answers, which the IJ found to indicate hesitation and reluctance. We

conclude that there is no reason to discount the IJ's reliance on Mann's demeanor. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (noting that "special deference" is given to a credibility determination based on demeanor); *cf. Arulampalam v. Ashcroft,* 353 F.3d 679, 685–86 (9th Cir.2003) (distinguishing findings regarding non-verbal communication and "factors concerning the nature of petitioner's testimony," that are ascertainable from the record).

In addition, the IJ found that Mann was not credible based upon discrepancies between Mann's credible fear interview and his testimony at the hearing regarding the number and circumstances of his arrests, and the length of his detentions. We conclude that because Mann's credible fear interview was conducted under oath, with the benefit of an interpreter, and recorded in question and answer format, the credible fear interview statement was a reliable impeachment source. *See Li,* 378 F.3d at 962–63 (upholding adverse credibility determination based on discrepancies between petitioner's statements in airport interview and subsequent testimony). Because the inconsistencies identified by the IJ go to the heart of Mann's claim, substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies regarding "events leading up to [petitioner's] departure and the number of times he was arrested" were sufficient to uphold adverse credibility determination).

In the absence of credible testimony, Mann failed to establish eligibility for either asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Mann's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence to support this claim, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.